■ CORPORATE FINDERS AND CONSULTANTS, INC., Respondent, v. UNIVERSAL CONTAINER CORPORATION et al., Appellants, et al., Defendant.— Order, Supreme Court, New York County, entered on August 20, 1971, unanimously reversed, on the law, and the amended complaint dismissed. Appellants shall recover of respondent $50 costs and disbursements of this appeal. The amended complaint proceeds on two theories. The first is that the plaintiff was damaged by illegal acts of the corporate and individual defendants. It is not alleged that plaintiff was fraudulently induced to acquire its stock by virtue of these acts; and it could not have been, since all of the acts were allegedly committed after plaintiff became a stockholder. Nor is it alleged how plaintiff was damaged thereby. The mere fact that after plaintiff acquired the stock it rose in value and thereafter declined does not show such damage. Lacking such damage, while the acts complained of (violations of General Business Law, § 352-c) might be the subject of suit by the Attorney-General, they are not subject to suit by one not damaged. Insofar as the complaint alleges violations of rule 154 (Code of Fed. Reg., tit. 17, § 230.154) plaintiff does not claim to be a purchaser of such shares and hence neither individually nor as a representative of such purchaser does it have a cause of action. As far as the complaint seeking relief on behalf of the corporate defendant is concerned, no damage to it from the acts of the individual defendants is alleged. In fact, gain to the corporation is asserted. If at some later date these acts, namely, false representations to other companies whose stock was thereby acquired by the corporate defendant, do result in loss to the corporate defendant, that might properly ground an action. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Eager, JJ.